IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO HOLTON, | * | |
| Petitioner, | * | Civil Action No. RDB-12-2380 |
| v. | * | Criminal Action No. RDB-08-553 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Petitioner Antonio Holton has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 130). Petitioner challenges his sentence on the grounds that he received ineffective assistance from his trial counsel, which resulted in violations of his rights under the Sixth Amendment. In his motion, Petitioner also requests that this Court appoint counsel to represent him with respect to these proceedings.[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Petitioner Antonio Holton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 130) is DENIED.

---

[1] It is within this Court's discretion to appoint counsel if it deems it to be "in the interest of justice." *See* 18 U.S.C. § 3006A(2)(b). However, the Supreme Court has held that a habeas petitioner has no constitutional right to the assistance of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . and we decline to so hold today." (citing *Johnson v. Avery*, 393 U.S. 483, 488 (1969))). Rule 8(c) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." The interests of justice do not require appointment of counsel, and no evidentiary hearing is necessary. Accordingly, Petitioner's Motion for Appointment of Counsel is DENIED.

## BACKGROUND

On August 19, 2010, following a three-day trial, a jury found Petitioner Antonio Holton ("Petitioner" or "Holton") guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Verdict, ECF No. 97. This Court sentenced Petitioner to a two-hundred and eighty-eight-month (288) prison term (or twenty-four (24) years) with a five-year period of supervised release. Judgment, ECF No. 107.

The facts of the case are taken from the Government's Response to Petitioner's Motion to Vacate. Gov.'s Resp., ECF No. 134. On April 9, 2008, Baltimore Police Officers Angela Choi and Jared Fried were on duty in their patrol car. *Id.* at 2. Around 10:40 a.m., the officers heard gunshots while in the vicinity of the 2900 block of Presbury Road in Baltimore City. *Id.* Upon seeing a suspect, later identified as Petitioner, running down the block, Officer Fried got out of the car and gave chase on foot as Petitioner ran down an alley. *Id.* Officer Choi remained in the car and continued driving in an effort to cut off the suspect. *Id.* During the pursuit, Petitioner turned back and pointed his gun toward Officer Fried and fired a single shot. *Id.* at 3. In response, Officer Fried fired several shots, one of which injured Petitioner who then dropped to the ground. *Id.* A .45 caliber handgun was recovered a few feet away from Petitioner. *Id.* at 2-3. The firearm "had jammed up after firing, and a spent shell casing was found trapped inside the weapon's chamber." *Id.* at 3. The Petitioner was taken into custody and later charged in a one-count indictment with being a felon in possession of a firearm. *Id.* at 1; Indictment, ECF No. 1.

The record at trial reflects that spent .45 shell casings were recovered from the scene of a nearby, earlier shooting, at 1750 Poplar Grove. *Id.* at 3. These casings were revealed to

have come from the .45 firearm recovered near Petitioner. *Id.* at 4. Although the DNA found on the weapon was found to belong to someone other than Petitioner, a DNA expert testified that this did not mean that Petitioner did not handle the gun. *Id.* Specifically, this expert testified that a person touching an object did not necessarily leave traceable DNA on that object, as skin and other cell shedding rates vary from individual to individual. *Id.* Moreover, a gunshot residue expert testified that gunshot residue had been recovered from samples taken from both of Petitioner's hands. *Id.* At the close of both the government's and the defense's cases, Petitioner indicated that he did not want to testify and that he was satisfied with his attorney's performance. *Id.* at 5. He also represented to the Court that his attorney had done everything he asked him to do, including calling every eyewitness defendant wanted to call. *Id.*

Following his conviction, Petitioner was sentenced to a prison term of twenty-four years and five years of supervised release. Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, which in turn affirmed both his conviction and sentence on March 16, 2012. *See United States v. Antonio Holton*, 469 F. App'x 265 (4th Cir. 2012). On August 9, 2012, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 130). The government responded to Defendant's motion on October 19, 2012 in accordance with this Court's Order allowing sixty days for the government to file its response (ECF No. 131) and this Court's Marginal Order granting the government's request for an extension of time (ECF No. 133).[2]

---

[2] Notwithstanding Petitioner's objections in a letter dated October 18, 2012 (ECF No. 137), marginal orders are customary and represent Orders of this Court to be docketed as such.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washinton*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was so deficient as to fall below and "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, peititoner must demonstrate that there is a "reaonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See id.* at 687.

## DISCUSSION

In his Motion to Vacate, Petitioner Antonio Holton ("Petitioner" or "Holton") asserts claims of ineffective assistance of counsel in violation of his Sixth Amendment rights. Specifically, Petitioner asserts four grounds in which he essentially claims that his trial counsel failed (1) to secure an acquittal despite the lack of sufficient evidence to sustain a conviction (Ground 1); (2) to introduce alleged impeachment evidence concerning one of

the arresting officers (Ground 3); and (3) to properly prepare for the sentencing proceedings and make sufficient arguments which would have prevented his adjudication as an Armed Career Criminal ("ACC") (Grounds 2 & 4).

Pursuant to the test laid out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), an ineffective assistance of counsel claim is only successful when a petitioner can sufficiently demonstrate two factors: (1) whether the attorney's performance fell below an objective standard of reasonableness, and (2) whether the petitioner suffered actual prejudice. As to the first prong, there is a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, actual prejudice is shown if the counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. It requires a showing that, "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrogated on other grounds recognized by Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).

I. SUFFICIENCY OF THE EVIDENCE CLAIM

In his first claim of inefficient assistance of counsel, Petitioner alleges that he was convicted despite the lack of sufficient evidence to sustain a conviction. Specifically, Petitioner contends that the evidence presented by the government at trial was exculpatory and that it was his trial counsel's "lack of experience and unprofessional performance" that

resulted in his conviction. Mot. to Vacate at 5, ECF No. 130. Petitioner makes much of the fact that Officer Fried was the only witness to testify seeing him with a gun in his hands. Petitioner also points to the fact that his DNA was not found on the gun in question. Finally, he claims that there was no evidence to prove that he fired the gun. Despite these claims, however, Petitioner makes no suggestion as to how his counsel's performance fell below an objective standard of reasonableness.

The record reflects that defense counsel made substantial and competent efforts to challenge the government's case. Not only did he subject all of the government's witnesses to cross-examination, but he also called four police witnesses, including several officers, to present testimony with respect to shooting investigation and reporting techniques. Gov.'s Resp, Ex. 1 at JA 689, 703-04, 727-28, 752, ECF No. 134-1. Moreover, defense counsel called the crime scene technician to establish *inter alia* that "there was a space of 18 feet between the recovered handgun and the clothes of Holton that were left on the ground after he was removed for medical care." Gov.'s Resp. at 4, ECF No. 134. Despite this testimony, the record reflects that the technician did not know whether the clothes were recovered where defendant fell or what defendant's position had been prior to being placed into custody. Additionally, the evidence introduced at trial established that there was gun residue matching the recovered gun on both of Petitioner's hands. Moreover, evidence was introduced with respect to the fact that the gun had jammed, which was consistent with Officer Fried's account of the events preceding Petitioner's arrest. Finally, a DNA expert testified as to why the fact that the DNA evidence recovered on the gun did not match Petitioner was not exculpatory.

In sum, the record indicates that defense counsel provided an adequate defense of Petitioner despite the strong evidence against him. Petitioner fails to explain what counsel should have done differently. Accordingly, Petitioner has neither alleged that his counsel's performance was deficient nor has he demonstrated "[a] reasonable probability . . . sufficient to undermine confidence in the outcome." *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). As a result, this ineffective assistance claim fails the *Strickland* test.

## II. IMPEACHMENT EVIDENCE CLAIM

In his third claim, Petitioner alleges that his defense counsel failed to present alleged impeachment evidence concerning Officer Fried. Specifically, Petitioner claims that his counsel should have introduced evidence allegedly demonstrating that Officer Fried was involved in an incident that led to the death of a black teenager, John Cook, IV, and that Officer Fried had a reputation for "preying on young black men." Mot. to Vacate at 8.

First, defense counsel has "wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions . . . is particularly important because of the broad range of legitimate defense strategy" available. *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003). Second, the Court notes that Officer Fried was never held liable or required to answer a claim with respect to the incident involving the death of John Cook, IV. Although a motion was made to add Officer Fried to the wrongful death suit brought by John Cook's relatives against the City of Baltimore and other defendants, that motion was denied by this Court. *See John Cook III et al. v. City of Baltimore et al.*, JFM-10-0332, ECF No. 45. Additionally, Petitioner has not shown how his trial counsel could have known of this

7

incident or how he was deficient in failing to identify and make use of it. Third, the record reflects that defense counsel did everything reasonably possible to attack Officer Fried's credibility by *inter alia* calling other police officers to present testimony as to shooting investigation techniques as well as reporting standards in an effort to show that Officer Fried did not comply with these standards. Finally, at the close of the case, Petitioner represented to the Court that he was satisfied with his attorney's performance and that his attorney had done everything he asked him to do, including calling every eyewitness he wanted to call. Accordingly, Petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness.

Furthermore, Petitioner has failed to demonstrate prejudice. Petitioner's argument contemplates the use of impeachment evidence pursuant to Rule 608(b) of the Federal Rules of Evidence. Under this rule, "extrinsic evidence is not admissible to prove specific instances of a witness's misconduct in order to attack or support the witness's character for truthfulness." FED. R. EVID. 608(b). "Rule 608(b) authorizes inquiry only into instances of misconduct that are 'clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery, and embezzlement." *United States v. Leake*, 642 F.2d 715, 718 (4th Cir. 1981). It is unclear to the Court, nor does Petitioner suggest, how this prior incident would have impacted Officer Fried's credibility. The event, although tragic, does not weigh on the officer's character for truthfulness. Accordingly, Petitioner has failed to show (a) how this evidence could have been admitted to impeach Officer Fried, and (b) how, if introduced, the result in this case would have been different. As such, Petitioner here again fails to assert a claim for ineffective assistance of counsel.

III.   SENTENCING PROCEEDINGS CLAIMS

Finally, grounds two and four, on which Petitioner bases additional ineffective assistance of counsel claims, both concern trial counsel's performance during Petitioner's sentencing. In ground two, Petitioner contends that defense counsel was unprepared for the proceedings and that he based his objections to the sentence on the wrong presentence report. In ground four, Petitioner again asserts that his counsel was unprepared and that he failed to successfully argue that Petitioner should not be sentenced as an Armed Career Criminal. Specifically, Petitioner contends that in reviewing his prior convictions, defense counsel should have instructed the court "to look beyond the fact of conviction, and the elements of the crime, and analyze whether the particular offense was a violent felony." Def.'s Reply in Supp. of Mot. to Vacate at 7, ECF No. 136. Petitioner contends that two of his prior offenses were not violent felonies and that, as such, he should not have been sentenced as an Armed Career Criminal. Petitioner also erroneously claims that these prior convictions included possession of a burglary tool, second degree assault and possession of marijuana.

First, the record reflects that during Petitioner's sentencing there was some initial confusion as to the operating presentence report. *See* Sentencing Transcript at 12-16, ECF No. 134-2. However, the Court cleared up this issue by making sure each party had the proper presentence report before proceeding with defense counsel's objections and the sentencing. *Id.*

Second, in his challenge to his classification as an Armed Career Criminal ("ACC"), defendant mischaracterizes his crimes in an attempt to minimize his past convictions. He

9

also omits the fact that he was not only convicted of a violent crime but of two serious drug offenses. A person qualifies as an Armed Career Criminal if he has three prior convictions by any court for a violent felony or a serious drug offense. *See* 18 U.S.C. § 924(e)(1). Although the sentencing record reflects that there was an issue with respect to the documentation relating to his three prior convictions, it also reflect that the Court took the time to review Petitioner's prior convictions. Sentencing Transcript at 19-22. The Court "establish[ed] that there [were] three . . . or more previous convictions for a violent felony or serious drug offense." *Id.* at 22. Specifically, the Court determined that Petitioner had previously been convicted with possession with intent to distribute cocaine on two separate occasions, and of armed robbery on another occasion. *Id.* at 19-22. Accordingly, Petitioner was found to have the three requisite prior convictions qualifying him for the enhancement under 18 U.S.C. § 924(e).

Petitioner has therefore failed to satisfy his burden under *Strickland*. The record reflects that his counsel's performance did not fall below a standard of objective reasonableness. Moreover, Petitioner did not demonstrate that he was prejudiced in any way by his counsel's performance. As such, his claims of ineffective assistance of counsel once again must fail.

## CONCLUSION

For the foregoing reasons, Petitioner Antonio Holton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 130) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order

adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: May 21, 2013

/s/
Richard D. Bennett
United States District Judge